United States District Court
Southern District of Texas

**ENTERED**
June 03, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ROBERT JAMES MAGNUSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:26-CV-00032 |
| | § | |
| DEWITT COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND RECOMMENDATION
## TO DISMISS CASE

Plaintiff Robert James Magnuson ("Plaintiff") is appearing *pro se* and *in forma pauperis* in this prisoner civil rights action. Plaintiff's case is subject to screening pursuant to the Prison Litigation Reform Act. *See* 42 U.S.C. § 1997e(c); 28 U.S.C. §§1915(e)(2), 1915A. For purposes of screening, the undersigned recommends: (1) all of Plaintiff's claims against Defendants be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and (2) the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).[1]

---

[1] Plaintiff is **WARNED** that if he accumulates three strikes, he will not be allowed to proceed *in forma pauperis* in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious injury. *See* 28 U.S.C. § 1915(g).

1 / 12

## I.       JURISDICTION

The Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331.  This case has been referred to the undersigned magistrate judge for case management and making recommendations on dispositive motions pursuant to 28 U.S.C. § 636.

## II.      BACKGROUND AND PLAINTIFF'S CLAIMS

Plaintiff is currently and inmate at the Hays County Jail in San Marcos, Texas, although this case arises in connection with his incarceration at the DeWitt County Jail in Cuero, Texas.  Plaintiff filed this case on April 21, 2026, in the Austin Division of the United States District Court for the Western District of Texas. (D.E. 1).  In his original complaint, Plaintiff raised a variety of claims, most related to his allegations that his rights were violated in connection with his criminal prosecution and probation revocation in DeWitt County. On April 23, 2026, the case was transferred to the Victoria Division of the Southern District of Texas. (D.E. 5). Thereafter, the case was referred to the undersigned for case management. On May 20, 2026, the undersigned held a *Spears*[2] hearing at which Plaintiff was given an opportunity to explain his claims. During the *Spears* hearing, after Plaintiff explained his claims, the undersigned identified and discussed with Plaintiff certain deficiencies in his complaint.  The undersigned also explained the provisions of the three strikes provision of the Prison Litigation Reform Act and gave Plaintiff an opportunity to dismiss his case without prejudice to avoid a strike, or alternatively, to file

---

[2] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985). The purpose of a *Spears* hearing is to determine whether a prisoner alleging a constitutional deprivation should be permitted to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(d). *Spears,* 766 F.2d at 181–82. The evidentiary hearing is "in the nature of a motion for more definite statement." *Id.*

an amended complaint to attempt to cure his pleading deficiencies. On May 28, 2026, the Court received and granted Plaintiff's Motion for Leave to File and Amended Complaint. (D.E. 16, D.E. 18).

In Plaintiff's Amended Complaint, Plaintiff names DeWitt County, Texas, as the sole defendant.[3] Plaintiff alleges he was on community supervision in case number 21-10-13705 in the 24th Judicial District Court, DeWitt County, Texas. A motion to revoke his supervision was filed and a warrant was issued which also set a $6,000.00 cash bond. Plaintiff paid the bond, but he was never released. In around November 2025, Plaintiff's community supervision was revoked, and he was sentenced to ten years custody. Plaintiff filed an appeal in the revocation case, he is represented by counsel on appeal, and as of this writing, his state appeal is pending.

At the time of the probation revocation hearing in DeWitt County, Plaintiff had a pending state criminal case in Travis County, Texas, for theft of a vehicle which was subsequently dismissed after the DeWitt County revocation proceeding. Additionally, Plaintiff had a pending state felony charge for evading arrest with a vehicle in Hays County, Texas, which remains pending and is where Plaintiff is currently incarcerated.

In the instant federal civil case Plaintiff names DeWitt County, Texas, as the defendant. Plaintiff complains he posted bail but was never released on bond. He alleges the money he deposited for bail was illegally forfeited. Plaintiff alleges he was irreparably damaged by not being released from custody, being denied his freedom, and by having his

---

[3]The factual background set forth herein is taken from Plaintiff's Amended Complaint and his *Spears* hearing testimony from May 20, 2026.

3 / 12

$6,000.00 illegally forfeited.  Plaintiff files his claim pursuant to 42 U.S.C. § 1983. Plaintiff seeks monetary damages and unspecified declaratory relief.

## III.   LEGAL STANDARD

When a prisoner seeks to proceed *in forma pauperis* the Court shall evaluate the complaint and dismiss it without service of process if the Court finds the complaint frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A. *See* 28 U.S.C. § 1915(e)(2)(B) (providing that a court shall review an *in forma pauperis* complaint as soon as practicable and dismiss it if it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from an immune defendant). A claim is frivolous if it has no arguable basis in law or fact.  *Neitzke v. Williams,* 490 U.S. 319 (1989).  A claim has no arguable basis in law if it is based on an indisputably meritless legal theory, "such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Davis v. Scott,* 157 F.3d 1003, 1005 (5th Cir. 1998). A claim has no arguable basis in fact if "after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Talib v. Gilley,* 138 F.3d 211, 213 (5th Cir. 1998).

"In analyzing the complaint, [the Court] will accept all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *Jones v. Greninger,* 188 F.3d 322, 324 (5th Cir. 1999).  "The issue is not whether the plaintiff will ultimately prevail, but whether he is entitled to offer evidence to support his claim.  Thus, the Court should not

dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Id.* (citations omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007). The factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. As long as the complaint, taken as a whole, gives rise to a plausible inference of actionable conduct, Plaintiff's claim should not be dismissed. *Id.*

Section 1983 provides a vehicle for redressing the violation of federal law by those acting under color of state law. *Nelson v. Campbell*, 541 U.S. 637, 643 (2004). To prevail on a § 1983 claim, the plaintiff must prove that a person acting under the color of state law deprived him of a right secured by the Constitution or laws of the United States. 42 U.S.C. § 1983; *West v. Atkins,* 487 U.S. 42, 48 (1988). A defendant acts under color of state law if he misuses or abuses official power and if there is a nexus between the victim, the improper conduct, and the defendant's performance of official duties. *Townsend v. Moya,* 291 F.3d 859, 861 (5th Cir. 2002).

IV.    ANALYSIS

A.    **Plaintiff's Claims Against DeWitt County**

Plaintiff names DeWitt County as the entity responsible for his being detained after he made the cash deposit of his bail. Under § 1983, a municipality such as DeWitt County may only be held liable for acts for which it is actually responsible. *See Doe on Behalf of Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998) (citing *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480 (1986)). The governmental body must either itself subject a person to a deprivation of rights or cause a person to be subjected to such deprivation. *Connick v. Thompson*, 563 U.S. 51, 59 (2011). A municipality is liable for the constitutional violations of its employees only if the alleged constitutional deprivations resulted from municipal policy or custom. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978); *see also Zarnow v. City of Wichita Falls, Tex.*, 614 F.3d 161, 166 (5th Cir. 2010) (a municipality may not be subject to liability merely for employing a tortfeasor; liability requires deliberate action attributable to the municipality that is the direct cause of the alleged constitutional violation).

Liability of a municipality under § 1983 therefore requires proof of three elements: a policymaker, an official policy, and a violation of constitutional rights whose "moving force" is the policy or custom. *Monell*, 436 U.S. at 694; *Piotrowski*, 237 F.3d at 578. "Where a policy is facially unconstitutional, a plaintiff must demonstrate that it was promulgated with deliberate indifference to known or obvious consequences that constitutional violations would result." *Duke v. Dallas Cnty.*, No. 3:20-CV-117-G (BH),

6 / 12

2021 WL 3525106, at *2 (N.D. Tex. June 25, 2021), *adopted*, 2021 WL 3204565 (N.D. Tex. July 29, 2021) (citing *Piotrowski*, 237 F.3d at 579-80 & n.22); *accord Peterson v. City of Fort Worth*, 588 F.3d 838, 849-50 (5th Cir. 2009). "[I]solated unconstitutional actions by municipal employees will almost never trigger liability," because "the unconstitutional conduct must be directly attributable to the municipality through some sort of official action or imprimatur." *Piotrowski*, 237 F.3d at 578.  Plaintiff has not alleged any custom or policy that is facially unconstitutional or that any policy resulted in the deprivation of Plaintiff's rights.

Additionally, Plaintiff's allegations that he was unlawfully detained are conclusory and do not state sufficient facts to raise a plausible claim. *Twombly*, 550 U.S. at 555. The posting of a bond does not necessarily mean that the detained person will automatically be released. There may be other reasons a person remains in custody, such as the person having other arrest warrants, detainers, or pending charges. Plaintiff testified at the *Spears* hearing that at the time of the revocation proceedings in DeWitt County, Plaintiff had a pending case in Travis County. Also, Plaintiff is currently in custody in Hays County for charges pending there. While the timing of the charges outside of DeWitt County is unclear, it does not appear Plaintiff has been released from custody since his November 2025 DeWitt County revocation proceedings. It is likely that Plaintiff's charges in other Texas counties resulted in the delay or stay of his release from custody in DeWitt County. Even if the criminal proceedings against Plaintiff in other jurisdictions were not the cause

of his not being released on bond, Plaintiff has not alleged sufficient facts to raise a plausible claim against any responsible person or entity.

B.    **Unlawful Taking of Plaintiff's Bail**

Plaintiff alleges DeWitt County violated his rights protected by the Eighth Amendment to the United States Constitution when it forfeited his bond. (D.E. 17, p. 3). The Eighth Amendment provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII. While not cited directly, Plaintiff's complaint is also construed to be brought for a violation of the Fourteenth Amendment. The Fourteenth Amendment of the Constitution provides that no State shall "deprive any person of life, liberty, or property without due process of law." U.S. Const. amend. XIV § 1.

The Supreme Court has held that a random and unauthorized intentional deprivation of property does not violate the Due Process Clause if the State provides an adequate post-deprivation remedy. *See Hudson v. Palmer*, 468 U.S. 517, 534-35 (1984); *Myers v. Klevenhagen*, 97 F.3d 91, 94 (5th Cir. 1996). A claimant must either take advantage of the available remedies or show the available remedies are inadequate. *Hudson*, 468 U.S. at 534-35.

Regarding Plaintiff's claim that his $6,000.00 was taken or withheld unlawfully, Plaintiff has an adequate remedy to pursue the recovery of his bail. Article 17.02 of the Texas Code of Criminal Procedure provides that "[a]ny cash funds deposited under this Article shall be receipted for by the officer receiving the same and shall be refunded to the

8 / 12

defendant if and when the defendant complies with the conditions of his bond, and upon order of the court." Plaintiff has a "clear statutory right to move the [state] court for an order compelling the return of [his] bail money." *Obregon v. Melton*, No. 3:02-cv-1009D, 2004 WL 302293, at *2 (N.D. Tex. Jan. 8, 2004) (citing *Baize v. Shaver,* 935 S.W.2d 498, 499-500 (Tex. App.-Houston [1st Dist.] 1996, writ of mandamus granted)). Plaintiff has not alleged he made a motion with the state court to return his bail. Even if Plaintiff did make such a motion, he has the right to appeal the denial of such order through the state courts or perhaps to file for a writ of mandamus through the state courts. Plaintiff has adequate state remedies in the state courts for the return of his bail, and his claim is not cognizable in this Court. To the extent Plaintiff claims the loss of property was only the result of negligence, he has no claim for violation of a constitutionally protected right. *Daniels v. Williams*, 474 U.S. 327, 328 (1986).

**C.      Claims Not Specifically Addressed in this Memorandum**

To ensure justice and access to the courts, courts interpret pleadings of *pro se* litigants liberally. *See United States v. Robinson*, 78 F.3d 172, 174 (5th Cir. 1996) (citing *United States v. Santora*, 711 F.2d 41, 42 (5th Cir. 1983)). *Pro se* actions will not be dismissed based on technical pleading defects and should be construed to ensure such claims are given fair and meaningful consideration despite the unrepresented litigant's unfamiliarity with the law. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *See also Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (*Pro se* parties are normally accorded more leniency in the construction of their pleadings).

9 / 12

The undersigned has liberally construed Plaintiff's pleadings to give his claims fair and meaningful consideration. Before entering this recommendation to dismiss, the undersigned warned Plaintiff of his pleading deficiencies and allowed Plaintiff to amend his pleadings. Plaintiff fully explained his claims to the undersigned during a *Spears* hearing and also filed an amended complaint. The undersigned has attempted to articulate and analyze Plaintiff's claims in an impartial manner consistent with providing appropriate leniency to *pro se* litigants while at the same time requiring compliance with applicable pleading and screening standards. To the extent Plaintiff is attempting to raise a claim not specifically addressed by the undersigned in this Memorandum and Recommendation, Plaintiff has failed to state such claim with sufficient factual detail or clarity to allow the claim to be identified or analyzed by the Court.

As stated previously, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Again, Plaintiff must allege sufficient facts in support of its legal conclusions that give rise to a reasonable inference that Defendant is liable. *Id.*; *Twombly*, 550 U.S. at 556. Further, the factual allegations must raise Plaintiff's claim for relief above the level of mere speculation. *Twombly*, 550 U.S. at 555. Therefore, Plaintiff is advised that any claim not addressed in this Memorandum and Recommendation is not currently before this Court because Plaintiff has failed to allege sufficient facts or state such claims clearly. Additionally, because Plaintiff has been provided the opportunity to explain his claims at the *Spears* hearing, has been granted leave to amend, has been warned of his pleading

deficiencies, and because any amendment would be futile, the undersigned recommends Plaintiff not be granted further leave to amend.

## V.   RECOMMENDATION

For the reasons stated above and for purposes of §§ 1915A and 1915(e)(2), the undersigned recommends: (1) all of Plaintiff's claims against Defendants be **DISMISSED with prejudice** for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1); and (2) the dismissal of this case counts as a "strike" for purposes of 28 U.S.C. § 1915(g).

Respectfully submitted on June 3, 2026.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court.  *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).