United States District Court
Southern District of Texas
**ENTERED**
July 09, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | | |
|---|---|---|
| ROBERT JAMES MAGNUSON, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 6:26-CV-00032 |
| | § | |
| DEWITT COUNTY, *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND RECOMMENDATION TO DENY**
**PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Plaintiff Robert James Magnuson, appearing *pro se* and *in forma pauperis*, has filed this prisoner civil rights action pursuant to 42 U.S.C. § 1983. Pending before the Court is Plaintiff's Motion to Alter or Amend Judgment pursuant to Federal Rule of Civil Procedure 59(e). (D.E. 26). For the reasons set forth below, the undersigned respectfully recommends that Plaintiff's motion be **DENIED**.

## I. BACKGROUND

Plaintiff is currently an inmate at the Hays County Jail in San Marcos, Texas, although this case arose in connection with his incarceration at the DeWitt County Jail in Cuero, Texas. In his Amended Complaint, which was the operative pleading in this action, Plaintiff names DeWitt County, Texas, as the sole defendant. (D.E. 18). Plaintiff alleged he posted bail in the amount of $6,000, but that the money he deposited for bail was illegally forfeited. Plaintiff claimed he was irreparably damaged by not being released

from custody, was denied his freedom, and was subjected to having his $6,000 illegally forfeited. Plaintiff sought monetary damages and unspecified declaratory relief.

In a Memorandum and Recommendation issued on June 3, 2026 (M&R), the undersigned recommended that: (1) all of Plaintiff's claims against Defendants be dismissed with prejudice for failure to state a claim; and (2) the dismissal of this case counted as a "strike" for purposes of 28 U.S.C. § 1915(g). (D.E. 19, p. 11). As support for these recommendations, the undersigned concluded that:

- Plaintiff's allegations failed to state a claim of municipal liability against DeWitt County;
- his allegations regarding being unlawfully detained were conclusory and failed to allege a plausible claim; and
- Plaintiff's constitutional claims attacking the forfeiture of his bond amount failed because the random and unauthorized intentional deprivation of his property did not violate the Fourteenth Amendment's due process clause since he retained an adequate state law remedy to pursue the recovery of his bail.

*Id.* at 6-9.

Plaintiff submitted objections to the M&R, arguing that he was in fact released on bond. (D.E. 23, p. 1). Plaintiff further argued that the trial court in DeWitt County had a policy of illegally forfeiting a criminal defendants' bond even if they were present for criminal proceedings. *Id.* On June 24, 2026, District Judge David S. Morales overruled Plaintiff's objections, adopted the M&R, dismissed Plaintiff's claims with prejudice, and imposed a strike under § 1915(g). (D.E. 24). That same day, District Judge Morales entered a Final Judgment dismissing Plaintiff's claims and closing this case. (D.E. 25).

## II. DISCUSSION

A motion which attacks a final judgment is treated either as a motion to alter or amend the judgment under Rule 59(e) or a motion for relief from judgment under Federal Rule of Civil Procedure Rule 60(b). *Ford v. Elsbury*, 32 F.3d 931, 937 (5th Cir. 1994). On June 25, 2026, only one day after the Final Judgment was entered, the Court received Plaintiff's Rule 59(e) Motion to Alter or Amend Judgment. (D.E. 26). As such, Plaintiff's motion is properly construed as one arising under Rule 59(e).

A Rule 59(e) motion must clearly establish either a manifest error of law or fact or must present newly discovered evidence. *Ross v. Marshall*, 426 F.3d 745, 763 (5th Cir. 2005) (internal quotations omitted). A Rule 59(e) motion serves the narrow purpose of allowing a party to correct manifest errors of law or fact or to present newly discovered evidence. *Templet v. HydroChem Inc.,* 367 F.3d 473, 478-79 (5th Cir. 2004). A Rule 59(e) motion is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment. *Id.* In other words, "a 'Rule 59(e) motion is not proper to re-litigate matters that have been resolved to the movant's dissatisfaction' and a party cannot attempt to obtain 'a second bite at the apple' on issues that were previously addressed by the parties and the Court." *N. Cypress Med. Ctr. Operating Co. v. Blue Cross Blue Shield of Texas*, No. H-08-2379, 2010 WL 2245075 at * 1 (S.D. Tex. June 2, 2010) (Atlas, J.) (quoting *Alvarado v. Texas Rangers*, No. 03-CA-0305, 2005 WL 1420846, at *2 (W.D. Tex. June 14, 2005)). Reconsideration of a judgment

after its entry is an extraordinary remedy that should be used sparingly. *Templet*, 367 F.3d at 479.

Plaintiff again argues in his Rule 59(e) motion that he was released on bond, which was contrary to the M&R's recitation of the facts. (D.E. 26, p. 1). Plaintiff also argues that DeWitt County has a policy—as established by the clerks of the court—of counting criminal defendants as absent even if they were in court and counted present by the county judge. *Id.* at 1-2. These arguments, however, were either raised by Plaintiff or could have been raised by him before the entry of the Final Judgment. Indeed, District Judge Morales already overruled Plaintiff's objection regarding his release on bond and objection referencing a similar policy in DeWitt County. (*See* D.E. 24). It is not appropriate for Plaintiff to have another opportunity to raise such matters in an attempt to gain "a second bite at the apple." Plaintiff otherwise raises nothing to establish a manifest error or law or fact that would cause the Court to revisit its Final Judgment. Plaintiff, therefore, is not entitled to the extraordinary remedy of relief from the Final Judgment under Rule 59(e).

## III. RECOMMENDATION

For the foregoing reasons, the undersigned respectfully recommends that Plaintiff's Motion to Alter and Amend Judgment (D.E. 26) be **DENIED**.

Respectfully submitted on July 9, 2026.

Jason B. Libby
United States Magistrate Judge

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **FOURTEEN (14) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to Fed. R. Civ. P. 72(b), 28 U.S.C. § 636(b)(1), General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within FOURTEEN (14) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error,* from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the District Court. *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (en banc).